Alberto Perez
5226 West Vista Point Dr.
Salt Lake County, Utah 84118

*Pro se litigant*

RECEIVED CLERK

MAY 3 1 2016

U.S. DISTRICT COURT

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUN 0 3 2016
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **ALBERTO PEREZ**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BAYMONT INN AND SUITES,**<br><br>**Defendants.** | **COMPLAINT**<br>**(JURY DEMAND)**<br><br>Case: 2:16cv00454<br>Assigned To : Jenkins, Bruce S.<br>Assign. Date : 5/31/2016<br>Description: Perez v Baymont Inn and Suites |

Plaintiff Alberto Perez ("Mr. Perez") by and through their undersigned counsel, hereby

complain against Defendants Baymont Inn and Suites ("Baymont" or "Defendant") as follows:

### NATURE OF CLAIMS

1.    Plaintiff seeks redress against Baymont for violations of law including the

following: wrongful termination and discrimination under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII") and 42 U.S.C. § 1981 and § 1981a

("§1981") for race and national origin discrimination, disparate treatment based on Plaintiffs'

race and national origin, and retaliation; improper calculation of overtime pay under the Fair

Labor Standards Act; and attorney's fees under the Utah Labor Code; Fair Labor Standards Act

29 U.S.C. §§ 201 *et seq.*, ("FLSA").

2.    Plaintiff seeks damages, attorneys' fees, costs, interest, emotional distress,

1

punitive damages, equitable relief and any further relief as justice allows and as set forth below.

## PARTIES

3.     Mr. Perez is an individual residing in Salt Lake County, State of Utah.

4.     Baymont is a registered Utah corporation with its main offices in Salt Lake County, State of Utah.

## JURISDICTION AND VENUE

5.     This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-5 and § 1981.

6.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

7.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b), because all the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

## EXHAUSTION OF REMEDIES

8.     As further set forth below, Mr. Perez timely filed a charge of discrimination with the Utah Antidiscrimination and Labor Commission and the Equal Employment Opportunity Commission, alleging discrimination on the basis of race, national origin, and religion, as well as retaliation, and Mr. Perez has otherwise exhausted his administrative remedies within the meaning of Title VII.

9.     On March 2, 2016 Mr. Perez was issued a Notice of Right to Sue from the EEOC regarding his charge of discrimination.

## GENERAL FACTUAL ALLEGATIONS

10.     Baymont operates a hotel located at 4465 South Century Drive in Murray, Utah.

11.     Baymont employs more than 20 persons in the state of Utah.

12.     Baymont hired Mr. Perez as a hotel maintenance worker in April, 2007.

13.     Baymont paid Mr. Perez $7.25 an hour and paid him overtime for any hours in excess of 40 hours a week.

14.     Mr. Perez performed his work for Baymont well, and did not receive any type of discipline.

15.     After four years of work, Baymont promoted Mr. Perez to the position of Maintenance Manager in April, 2011.

16.     As a maintenance manager, Baymont started paying Mr. Perez a flat monthly salary of $2,200.

17.     This position required that Mr. Perez work up to 60 hours each week.

18.     Mr. Perez spent more than 80% of his time at work doing manual labor and other maintenance tasks, and less than 20% of his time doing office work or supervising employees.

19.     Mr. Perez had no authority to hire, fire, discipline or evaluate other employees and, while there were two other maintenance persons who worked with Mr. Perez, he only partially directed their work as most of the maintenance work was assigned by the general manager.

20.     Other managers were given vacation time, but Mr. Perez was not given vacation time or authorized to take time off of work.

21.     While Baymont gave Mr. Perez the title of manager, the type of work that he did, his authority, and the manual labor that he was required to do did not change in any significant way from when he was first hired as a maintenance worker.

22.     In August 2012 Baymont hired Marcia Leguizamon as the general manager of the hotel and Mr. Perez's direct supervisor.

23.     Ms. Leguizamon is from Paraguay and from the beginning or her employment

3

treated Mr. Perez and other employees from Mexico very badly.

24.     Ms. Leguizamon continually made derogatory comments about "Mexicans" in front of Mr. Perez, including making fun of how "Mexicans" dressed, as well as making derogatory remarks about their ability to speak English.

25.     In addition, Ms. Leguizamon, who practices a religion known as "Santeria," discriminated against Mr. Perez because he was not of her religion (Mr. Perez is a member of the Church of Jesus Christ of Latter-Day Saint, "LDS" or "Mormon").

26.     Ms. Leguizamon allowed another employee who also practices Santeria, her friend and "spiritual advisor," Herman de Paz, to harass and even threaten Mr. Perez.

27.     Mr. Perez's job duties required him to inspect, clean and repair areas around Baymont which needed attention.

28.     After Ms. Leguizamon started as manager, Ms. Perez and the other workers found crosses and other religious symbols, some made out of colored sugar, around the Baymont property. Many of these symbols were in public areas, on doors and other entrances and were readily visible to Baymont's customers.

29.     Mr. Perez cleaned up the religious symbols and on several occasions reported the crosses and other symbols to Ms. Leguizamon.

30.     After he reported the symbols to Ms. Leguizamon, her treatment of Mr. Perez began to worsen; in addition to derogatory comments Ms. Leguizamon would act indifferent to Mr. Perez and she began ignoring his maintenance reports.

31.     Additionally, Ms. Leguizamon allowed Herman de Paz, who made the crosses and other symbols, to verbally threaten and harass Mr. Perez.

32.     Mr. de Paz told Mr. Perez that he was putting up the crosses at Ms. Leguizamon's direction, and threatened that if Mr. Perez kept removing them something terrible might happen

4

to Mr. Perez.

33.    Ms. Leguizamon's treatment of Mr. Perez deteriorated even further: she refused to discuss maintenance problems at Baymont with him, and went behind his back to assign other employees work that was his responsibility.

34.    This treatment by Ms. Leguizamon and Mr. De Paz, caused Mr. Perez anxiety and worry about losing his position at Baymont.

35.    In September 2013, due to the amount of overtime that he was required to work, Mr. Perez requested that he be paid hourly and was allowed to switch to the evening maintenance shift in October 2013, making $10/hr.

36.    Shortly after this reassignment, on December 23, 2013, Ms. Leguizamon called Mr. Perez and informed him that there was no more need for an evening maintenance person and fired him.

37.    Shortly after Ms. Leguizamon terminated Mr. Perez, however, she hired a new Caucasian employee to work maintenance in the evenings.

## FIRST CAUSE OF ACTION
### (Race, National Origin, and Religion Discrimination in Violation of Title VII)

38.    Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

39.    Mr. Perez is of Hispanic ethnicity, is from Mexico, and is LDS.

40.    Mr. Perez's race, national origin, and religion are protected classes under Title VII.

41.    Mr. Perez's race, national origin, and religion were motivating factors in Baymont's termination of his employment.

42.    Baymont mistreated Mr. Perez based on both his national origin, race and religion, and then terminated his employment.

5

43. Defendants' conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. As a result Plaintiffs seek all actual damages including lost wages and benefits, emotional distress damages, prejudgment interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment – Harassment in Violation of Title VII)

1. Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

2. Mr. Perez's race, national origin, and religion are protected classes under Title VII.

3. Mr. Perez is of Hispanic ethnicity, is from Mexico, is LDS and has suffered due to Baymont's creation of a hostile work environment because of his race, national origin, and religion.

4. Mr. Perez was subjected to slurs, insults, jokes and other negative verbal comments and harassing behavior by Baymont and its employees regarding his race, national origin, and religion in violation of Title VII.

5. Baymont's treatment of Mr. Perez was unwelcome and included, but was not limited to:

    a. demeaning and offensive remarks about Mr. Perez's and other employees' race, national origin, and religion.

    b. allowing another employee to verbally threaten and harass Mr. Perez because he did not embrace a particular religious view;

    c. treating Mr. Perez with indifference, ignoring his maintenance reports, refusing to discuss maintenance issues with Mr. Perez, and assigning Mr. Perez's responsibilities to other employees without notifying him;

    d. requiring Mr. Perez to repeatedly clean up other employees religious

6

graffiti around the workplace.

6.     This type of treatment was so severe and pervasive that it altered the conditions of Mr. Perez's employment and had an adverse impact on his working environment.

7.     Baymont knew of the harassment and hostile environment perpetrated by lower level employees and management, and failed to take immediate and appropriate remedial action.

8.     Moreover, Baymont is directly liable for the hostile work environment created and maintained by its supervisory level employee, namely Marcia Leguizamon.

9.     Mr. Perez has suffered and has damages such as lost compensation and benefits and severe emotional distress.

10.     Baymont's unlawful conduct toward Mr. Perez in violation of § 1981 was done with reckless disregard for his federally protected rights, and as such Baymont should be subjected to punitive damages as well.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

11.     Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

12.     Mr. Perez is of Hispanic ethnicity, is from Mexico, and is LDS.

13.     Mr. Perez's race, national origin, and religion are protected classes under Title VII.

14.     Baymont terminated Mr. Perez's employment after he complained of discrimination and harassment regarding his race, national origin, and religion.

15.     Baymont's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. As a result Mr. Perez seeks all actual damages including lost wages and benefits, emotional distress damages, prejudgment interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of § 1981)

16.     Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

17.     Mr. Perez's race and national origin are protected classes under § 1981.

18.     Mr. Perez suffered treatment different than employees with similar titles and duties not in Plaintiffs' protected class, even though Plaintiffs had more experience and seniority at Baymont.

19.     Baymont treated Mr. Perez differently due to his protected status, which resulted in termination of his employment while Baymont retained and hired employees who were not in his protected class, including Herman de Paz and others.

20.     Baymont's conduct violates § 1981.

21.     As a result Mr. Perez seeks all actual damages including lost wages and benefits, emotional distress damages, prejudgment interest, attorneys' fees, and costs.

22.     Baymont's treatment of Mr. Perez's was in reckless disregard of Mr. Perez's federally protected rights, and as such, Mr. Perez is entitled to recover punitive damages in such amounts as may be shown at trial.

## FIFTH CAUSE OF ACTION
### (Hostile Workplace in Violation of § 1981)

23.     Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

24.     Mr. Perez's race and national origin are protected classes under § 1981.

25.     Baymont treated Mr. Perez treated Mr. Perez differently than employees not in his protected class.

26.     Mr. Perez was subjected to slurs, insults, jokes and other negative verbal comments and harassing behavior by Baymont and its employees regarding his race and national origin in violation of § 1981.

8

27.     As a result Mr. Perez seeks all actual damages including lost wages and benefits, emotional distress damages, prejudgment interest, attorneys' fees, and costs.

28.     Baymont's treatment of Mr. Perez's was in reckless disregard of Mr. Perez's federally protected rights, and as such, Mr. Perez is entitled to recover punitive damages in such amounts as may be shown at trial.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of § 1981)

29.     Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

30.     Mr. Perez is of Hispanic ethnicity, is from Mexico, and is LDS.

31.     Mr. Perez's race, national origin, and religion are protected classes under Title VII.

32.     Baymont terminated Mr. Perez's employment after he complained of discrimination regarding his race, national origin, and religion.

33.     Baymont's conduct violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2. As a result Mr. Perez seeks all actual damages including lost wages and benefits, emotional distress damages, prejudgment interest, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of FLSA)

34.     Mr. Perez realleges and incorporates by reference all paragraphs set forth above.

35.     Baymont employed Mr. Perez as an employee and required him to work more than 40 hours per week as a condition of his employment.

36.     Baymont improperly classified Mr. Perez as an exempt employee during the time he worked as a maintenance manager and failed to pay him overtime for the excess hours worked each week.

37.     Baymont's misclassification of Mr. Perez as an exempt employee and failure to

9

pay him required overtime wages was willful subjecting Baymont to up to three years of overtime calculation damages.

38.     Baymont's conduct violates 29 U.S.C. §§ 201 *et seq*. As a result Mr. Perez seeks unpaid overtime compensation, liquidated damages in an equal amount, and attorneys' fees and costs under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Perez prays for the following relief:

1.     For lost wages and benefits;

2.     For compensatory damages;

3.     For consequential damages;

4.     For punitive damages;

5.     For Judgment against Baymont for Mr. Perez's unpaid overtime wages;

6.     For an equal amount of liquidated damages;

7.     For all of costs of litigation and attorneys' fees; and

8.     For such other further relief and additional relief as the Court deems just and proper.

## JURY DEMAND

Mr. Perez, by and through his attorneys of record, hereby demands a jury trial in this matter.

Dated this 31st day of May, 2016.

Alberto Perez